## Christofano v. Walton

*Smith, Best, Williams, Costello and Snyder,* for plaintiffs.

*Goethe Faust,* for defendant.

KEIM, J., February 17, 1969.—This case comes before the court en banc for consideration of a demurrer and motion for judgment on the pleadings filed by plaintiffs to an answer and new matter filed by defendant.

On March 29, 1968, plaintiffs filed a complaint containing two counts against defendant for damages resulting from an accident on October 12, 1966, wherein the wife plaintiff sustained personal injuries and property damages to her motor vehicle. In the same accident, husband plaintiff had a cause of action by reason of the medical expenses and loss of consortion as a result of his wife's injuries.

In May of 1968, defendant filed an answer and new matter in which it was alleged that wife plaintiff had brought suit in her own name for her damages before Alderman Walter Johnson and was awarded the sum of $299.99, which amount was paid in full. Plaintiffs then filed their demurrer and motion for judgment on the pleadings, both of which are before the court for consideration.

Counsel for plaintiffs agrees that wife plaintiff, by reason of bringing her own action and being paid for damages in full is now barred from further recovery in the present lawsuit for damages. With this statement the court concurs. However, wife plaintiff, having filed her action before a justice of the peace, cannot prevent her husband from recovering any dam-

ages he may have incurred as a result of her accident. If defendant had wanted to dispose of all possible suits against him, he should have followed Rule 2232 (a) of the Pennsylvania Rules of Civil Procedure which states as follows:

"The cause of action of a person required to join in an action as a party plaintiff by Rule 2228 shall be barred by failing to join therein if the defendant has given such person such notice of the pendency of the action as the court by general rule or special order shall direct".

If proper notice of the suit had been given, then the husband plaintiff would have been barred as is shown in the following illustration from the commentary to Rule 2232 (a) in Goodrich-Amram, §2232 (a) -1:

"The penalty for non-joinder is directed against the non-joining person only. The absence of the co-plaintiff is no defense available to the defendant. To illustrate, assume that W, as wife, is injured and brings suit by herself. H, her husband, fails to join therein although Rule 2228 (a) requires that both H and W join. The defendant can not plead a non-joinder of parties in the suit brought by W. She is the proper party plaintiff to enforce her individual cause of action. The penalty for violating Rule 2228 (a) is visited only upon H. Furthermore, the penalty of Rule 2232 (a) does not operate until H brings a subsequent action against the defendant to recover his damages growing out of the injury of W. Then, if the defendant had given him notice of the pendency of the action brought by W, the defendant will be able to defeat the action by H on the ground that his failure to join in the action by W after notice is a permanent bar to the prosecution of his cause of action".

No such notice was given in this case, so the court must conclude that the husband plaintiff is entitled to pursue his cause of action and recover his damages.

In the new matter filed by defendant, it is admitted that defendant paid a judgment to wife plaintiff and filed no appeal from the decision of liability against him. Therefore, defendant's admission of liability in his new matter obviates any necessity for a trial as to liability in this case.

We therefore enter the said order:

ORDER

And now, February 17, 1969, after due and careful consideration, it is hereby ordered, adjudged and decreed that judgment on the pleadings is entered against wife plaintiff, Emma Christofano and in favor of defendant John Walton. It is further ordered that judgment on the pleadings is entered in favor of husband plaintiff, Anthony Christofano, and against defendant John Walton as to the liability of defendant John Walton.

The prothonotary is directed to place this case on the arbitration list for the determination of damages suffered by plaintiff, Anthony Christofano.